IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| WESTERN EXPRESS, INC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:24-cv-02139-SHL-atc |
| v. | ) | |
| | ) | |
| COLTON AHMAD CATHEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY**

Plaintiffs seek to compel discovery from Defendants Colton Ahmad Cathey; CAC Operations, LLC; and S-Line, LLC. (ECF Nos. 90, 91, 92.) They argue that Cathey, CAC, and S-Line have obstructed their attempts to obtain discoverable information by asserting boilerplate objections, providing evasive and non-responsive answers, and refusing to comply with Federal Rule of Civil Procedure 30(b)(6). Defendants cannot and do not substantively defend against these alleged discovery deficiencies—instead, they argue that Plaintiffs delayed filing their motions to compel until after the former discovery deadline had passed and thus the motions should be denied as untimely. (ECF Nos. 93, 94, 95.) The Court has since granted Plaintiffs' motion to extend the scheduling order deadlines. (ECF No. 127.) There being no other reason to deny the motions, they are **GRANTED**, as outlined below.

## LAW AND ANALYSIS

Plaintiffs raise three separate discovery issues. They first argue that Cathey, CAC, and S-Line submitted grossly deficient Rule 26 initial disclosures. (ECF No. 90 at PageID 1434–35.) They also contend that Cathey, CAC, and S-Line all asserted improper boilerplate and general objections to Plaintiffs' first set of interrogatories and first set of requests for production of

documents. (ECF No. 90 at PageID 1436–38, 1441–42; ECF No. 91 at PageID 1675–77.) The few times Cathey, CAC, and S-Line did substantively respond, they all submitted evasive or non-responsive answers. (ECF No. 90 at PageID 1438–42; ECF No. 91 at PageID 1677–79.) Finally, Plaintiffs argue that both CAC and S-Line failed to produce a corporate representative in compliance with Rule 30(b)(6)—CAC produced Cathey, who was woefully unprepared to testify and failed to comply with the duces tecum portion of the notice (ECF No. 90 at PageID 1442–46), and S-Line refused to produce anyone at all (ECF No. 92 at PageID 1744–47). The Court addresses each issue in turn.

I.  **RULE 26 INITIAL DISCLOSURES**

Cathey and CAC submitted their initial disclosures together as a single document. (ECF No. 90 at PageID 1434.) They generally disclosed that CAC's independent contractors, officers with the Memphis Police Department, and employees and representatives of S-Line would all have discoverable information, but they only specifically named Cathey himself. (See ECF No. 90-1 at PageID 1450.) They failed to name any other individual even though they must be in possession of the names and contact information for at least some of those relevant people, including CAC's independent contractors and Cathey's own mother and the owner of S-Line, Sherea Mitchell. Moreover, Cathey and CAC failed to produce or identify any relevant documents, except for seventeen pages of invoices that Plaintiffs had already identified and produced. (ECF No. 90 at PageID 1430.) Without identifying any specific document, they asserted that anything they were not producing was either privileged or solely being used for impeachment purposes. (ECF No. 90-1 at PageID 1451–52.)

S-Line's disclosures are similarly deficient. (See ECF No. 91-1 at PageID 1682–84.) It only identified three individuals with "personal knowledge of S-Line, LLC Contracts." (Id. at PageID 1683.) S-Line never specified why these contracts were relevant or what they were

2

for—indeed, S-Line did not identify or produce the contracts themselves as relevant documents. (Id.) Instead, it merely stated that it "is still developing this information" and that it "will supplement." (Id.) S-Line never did so. (ECF No. 91 at PageID 1674.)

Federal Rule of Civil Procedure 26 requires the parties to provide the name and contact information for individuals with discoverable information and to identify the subject of that information if the disclosing party may use it to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). It also requires the parties to provide a copy or description of all documents that they may use in support of their claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). Neither Cathey, CAC, nor S-Line fully complied with Rule 26. Although Cathey and CAC asserted various privileges as a basis for withholding certain documents, they never submitted a privilege log and thus their "[b]lanket assertions of protection under either the attorney-client privilege or work product protection are ineffective." See Pravak v. Meyer Eye Care Grp., PLC, No. 2:07-2433-MlV, 2009 WL 10664851, at *3 (W.D. Tenn. Oct. 22, 2009) (citing Jones v. Boeing Co., 163 F.R.D. 15, 17 (D. Kan. 1995)).

S-Line argues that Plaintiffs failed to consult in compliance with Local Rule 7.2 because "Plaintiffs never sent a deficiency letter or anything to put the Defendant S-Line on notice that there was a concern." (ECF No. 94 at PageID 1787–88.) Cathey and CAC similarly argue that Plaintiffs never raised any discovery issues with them, either. (ECF No. 96 at PageID 1799.) But none of that is true. Plaintiffs detailed all of the discovery deficiencies raised in their current motions in their response in opposition to S-Line's motion to quash (ECF No. 58), first motion to extend the scheduling order (ECF No. 59), response to S-Line's first motion to compel (ECF No. 68), second motion to extend the scheduling order (ECF No. 71), motion to amend their complaint (ECF No. 72), and their response to S-Line's second motion to compel (ECF No. 73). Moreover, Plaintiffs raised issues with these discovery deficiencies at the status conference on

3

March 19, and they state that they complied with the Court's March 19 order directing them to "immediately meet and confer to attempt to resolve the discovery issues" they raised in the above-listed filings. (ECF No. 89 at PageID 1426; see also ECF No. 90 at PageID 1448; ECF No. 91 at PageID 1680.)

S-Line's assertion that Plaintiffs failed to consult in compliance with Local Rule 7.2 is baseless. Plaintiffs' certificate of consultation explicitly states that they consulted with S-Line about their motion to compel, and they "were unable to reach an agreement." (ECF No. 91 at PageID 1680.) Contrary to S-Line's assertions, Plaintiffs did not deny it an opportunity to resolve any discovery issues. Each Defendant has had ample time and notice of the deficiencies identified throughout this litigation and in Plaintiffs' current motions, and they have all refused to supplement their disclosures to date.

Defendants' remaining arguments are similarly unpersuasive. Cathey, CAC, and S-Line all assert that Plaintiffs waited until the close of discovery and after Defendants had filed motions for summary judgment to file their motions to compel. But the Court has since granted Plaintiffs' motion to extend the scheduling order deadlines and denied Defendants' summary judgment motions as moot. (ECF No. 127.) Plaintiffs filed their motions to compel by the deadline set in the Court's March 19 order. (See ECF No. 89 at PageID 1426.) Plaintiffs should not be punished for Defendants' confounding decision to moot out their own discovery motions and file dispositive motions despite knowing that Plaintiffs' motions to amend their complaint and the scheduling order were pending before the Court. Indeed, before filing their motions for summary judgment, Defendants explicitly recognized the potential for additional discovery practice should the Court extend the scheduling order. (See ECF No. 80 at PageID 1046–47 ("The parties are further under the opinion that if the Trial Court amends that scheduling order, the parties will file any new motions to address any issue.").) Defendants cannot now argue they

4

are prejudiced because they filed motions they knew may become moot—those arguments make it seem as though Defendants mooted their discovery motions and intentionally filed summary judgment motions in an effort to obstruct Plaintiffs' ability to obtain discovery to which they are entitled.

The Court finds that Cathey, CAC, and S-Line failed to submit complete disclosures in compliance with Rule 26. Thus, they are **ORDERED** to promptly and fully supplement their disclosures in light of the identified deficiencies by **July 31**. To the extent any Defendant wishes to assert a privilege, that Defendant must provide a privilege log in compliance with Rule 26(b)(5)(A)(ii).

## II.    WRITTEN DISCOVERY RESPONSES

Plaintiffs also argue that Cathey, CAC, and S-Line failed to engage in written discovery in good faith because they all asserted boilerplate and general objections and submitted evasive and incomplete responses. Boilerplate objections are "known and detested by courts and commentators—and receiving parties—around the nation." Wesley Corp. v. Zoom T.V. Prods., LLC, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018). They typically include general language capable of fitting into any document because of a lack of specificity. Id. These kinds of objections have a bad reputation for a reason—they are not permitted under the federal rules, and they are mostly used to "evade, obfuscate, and obstruct discovery." Avantax Wealth Mgmt., Inc. v. Marriott Hotel Servs., Inc., No. 3:21-cv-00810, 2022 WL 18638754, at *7 (M.D. Tenn. Sept. 28, 2022). "This court is not the first—nor will it be the last—to condemn the use of boilerplate objections." Wesley, 2018 WL 372700, at *4 ("Indeed, perhaps the only thing more surprising than the pervasive reliance on boilerplate is the practice's continued existence in the face of strong and widespread criticism by federal courts.").

In defiance of a body of caselaw denouncing the practice, Defendants have all chosen to respond with these kinds of boilerplate statements that do nothing to preserve a real objection and everything to "waste" the "resources of both the parties and the court."  See id.  When Defendants deigned to provide more than a general objection, they failed to substantively respond to the discovery request and instead evaded the question entirely.  For example, in response to request for production number seven, Cathey directed Plaintiffs to documents produced in response to request number five, even though he neither identified nor produced any documents in response to that request, either.  (See ECF No. 90-2 at PageID 1480–82.)  CAC copied most of Cathey's responses.  (ECF No. 90 at PageID 1441.)  And S-Line copied responses from a different case entirely—its answers almost wholly consist of boilerplate, including assertions of the doctor-patient privilege.  (ECF No. 91 at PageID 1675.)  This obstructive approach to discovery has no place in litigation today.

None of Defendants substantively defend their written discovery responses—they would not be able to do so even if they tried.  Instead, they assert the same arguments the Court has already addressed and rejected above.  Thus, Plaintiffs' motions to compel Cathey, CAC, and S-Line to supplement their written discovery responses are **GRANTED**.  All of the boilerplate objections identified in Plaintiffs' motions are **STRIKEN**.  Defendants are **ORDERED** to fully and completely respond to Plaintiffs' discovery requests by **July 31**.

Neither the Court nor Plaintiffs should be required to educate Defendants about the proper procedure for asserting objections.  Nevertheless, it is clear that Defendants are unfamiliar with the federal rules.  If they wish to object to an interrogatory or request, they must state their objection "with specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B).  If Defendants withhold documents based on an objection, they must state that they are doing so.  Fed. R. Civ. P. 34(b)(2)(C).  And, as before, Defendants must submit a proper privilege log if they wish to assert

a privilege. If Defendants fail to comply with the discovery rules again, their objections will be deemed waived, and they will be sanctioned for obstructing the discovery process. Cooperating with discovery in good faith is not aspirational—it is the law. Wesley, 2018 WL 372700, at *5 (quoting Liguria Foods, Inc. v. Griffith Labs., Inc., 320 F.R.D. 168, 191 (N.D. Iowa Mar. 13, 2017)).

### III.     RULE 30(b)(6) DEPOSITIONS

Finally, Plaintiffs seek to compel CAC to produce all documentation responsive to the duces tecum portion of their 30(b)(6) notice and to produce a "fully prepared corporate representative" to give additional testimony at CAC's expense. (ECF No. 90 at PageID 1447.) CAC designated Cathey as its representative, and Plaintiffs deposed him on November 18, 2024. (Id. at PageID 1442.) He admitted under oath that he did nothing to prepare for the deposition—he did not review documents, he did not talk to anyone, and he did not do anything to ensure that he could answer questions about the topics identified in the notice. (Id. at PageID 1442–43.) Indeed, when counsel asked Cathey about some of the forty or so employees CAC disclosed for the first time shortly before the deposition, Cathey had no idea who they were, what they did for CAC, when they worked for CAC, what they knew about this case, and whether they were involved in this case at all. (Id.) Moreover, Cathey did not actually review all of the documents produced by CAC even though he verified CAC's responses; he did not attempt to locate, review, or produce CAC's internal communications; he did not review CAC's corporate paperwork; he could not identify which businesses were involved in CAC's formation; he could not identify members or registered agents for CAC; and he could not provide information or testimony about other complaints filed against CAC. (Id. at PageID 1445–46.) Cathey knew so little about CAC, it was as though Plaintiffs had not deposed CAC at all.

Plaintiffs also seek to compel S-Line to designate and produce a representative for a 30(b)(6) deposition. (ECF No. 92.) Plaintiffs contacted S-Line's counsel to schedule a deposition and, after weeks of silence, S-Line agreed to produce a representative for a deposition at the end of November 2024. (Id. at PageID 1740–41.) Two days after Plaintiffs served their notice, S-Line's counsel advised that he needed to reschedule. (Id.) Counsel later stated that the notice was deficient, and he would file a motion to quash it. (Id. at PageID 1441–42.) S-Line's counsel never specified the deficiency and never attempted to resolve the dispute—he simply filed his motion and stated that neither he nor his client would appear for the previously agreed deposition, more than a month after the original notice was sent. (Id.)

The deficiency at issue turned out to be a single typographical error—Plaintiffs' counsel neglected to change "CAC" to "S-Line." (See generally ECF No. 56.) S-Line argued in its motion to quash that "it is unclear if Plaintiffs are treating Defendant CAC Operations, LLC and Defendant S-Line, LLC as the same entity or as a parent and subsidy corporation." (Id. at PageID 56.) But Plaintiffs' position would have been clear if S-Line had substantively consulted with Plaintiffs about the issue. Instead of resolving this minor issue about a typographical error, S-Line unilaterally refused to appear for its deposition, filed a motion to quash, needlessly delayed discovery, and wasted the time of the parties and the Court. Even when it became clear from Plaintiffs' response that CAC's inclusion in the notice was simply an error (see ECF No. 58 at PageID 336), S-Line refused to withdraw its motion to quash, allowed it to remain pending before the magistrate judge, and ran out the original clock on discovery. To date, S-Line continues to oppose a 30(b)(6) deposition based on this typographical error. (See ECF No. 93.)

The general theme of this litigation has been obstruction. CAC and S-Line have taken every opportunity to prevent access to discoverable information. Instead of producing a prepared corporate representative, CAC produced Cathey, who admitted under oath to doing nothing to

8

prepare to testify on behalf of his own company. And, instead of asking Plaintiffs to correct a typographical error, S-Line pounced on an opportunity to prevent its deposition from happening at all—it filed a motion to quash the notice and continued to stand by that motion even after it became clear that its concerns about Plaintiffs' corporate theories were baseless. Now, more than a year after this case was filed, Plaintiffs have been thwarted from obtaining the basic discovery to which they are entitled.

Plaintiffs' motion to compel the 30(b)(6) depositions are **GRANTED**. The parties are **ORDERED** to immediately meet and confer about their availability to conduct the depositions, which must be completed **on or before August 27**. Because CAC wasted Plaintiffs' time and resources the first time around, CAC is **ORDERED** to pay for any expenses related to the second 30(b)(6) deposition, including Plaintiffs' attorneys' fees for the time spent taking the deposition.

## CONCLUSION

Each party has an obligation to participate in discovery in good faith. At every part of the discovery process, Defendants have failed to do so. Plaintiffs' motions to compel are **GRANTED** as outlined above. If Defendants continue to fail to provide access to basic discovery without a good faith reason for doing so, Plaintiffs are encouraged to file a motion for sanctions, up to and including an entry of default.

**IT IS SO ORDERED,** this 25th day of July, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE