## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| WESTERN EXPRESS, INC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:24-cv-02139-SHL-atc |
| v. | ) | |
| | ) | |
| COLTON AHMAD CATHEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANT A-TICKET, LLC'S MOTION TO SET ASIDE
## ENTRY OF DEFAULT

Defendant A-Ticket, LLC requests that the Court set aside the default judgment entered against it on August 1, 2025. (ECF No. 143.) But neither this Court nor the Clerk has entered a default judgment against A-Ticket. The Clerk entered default under Federal Rule of Civil Procedure 55(a) on August 1 for A-Ticket's failure to timely respond to the complaint. (ECF No. 141.) Thus, the Court construes A-Ticket's motion as one to set aside this entry of default.

Plaintiffs served A-Ticket with a summons and a copy of the complaint on May 13. (ECF No. 143 at PageID 2279; ECF No. 124 at PageID 2195.) Its response was therefore due on June 3. See Fed. R. Civ. P. 12(a)(1)(A)(i). To date, it has not responded. A-Ticket states that it diligently attempted to obtain representation but was unable to do so until July 25, despite its best efforts. (ECF No. 143 at PageID 2279.) Counsel filed a notice of appearance on July 28 but never filed a response or a request for additional time to respond. (Id.) Thus, on July 31, Plaintiffs filed a motion for an entry of default, and the Clerk entered it on August 1. (Id.) A-Ticket did not respond in opposition to the motion. Now, a week after the entry of default, A-Ticket requests that it be set aside under Rule 55(c). (Id.)

A court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court looks to whether (1) the plaintiff would be prejudiced, (2) the defendant has a meritorious defense, and (3) the defendant's culpable conduct led to the default. Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 192 (6th Cir. 1986) (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839 (6th Cir. 1983)). There is a "strong preference for trials on the merits" in federal court—even if a defendant's failure to defend itself is "careless and inexcusable," the default should be set aside if the first two factors "militate in favor of setting aside the entry." Id. at 193–94.

While A-Ticket is not required to prove that its delay was excusable, it must provide more than it has provided here. A-Ticket does not even address the factors the Court must consider. Instead, it provides the Court with a concerning sequence of events. Despite counsel appearing on behalf of A-Ticket two weeks ago, A-Ticket never requested additional time to respond to the complaint—it waited until Plaintiffs filed the motion for an entry of default, waited until the Clerk entered it, and then continued to wait another week until requesting that the default be set aside. While A-Ticket offers an excuse for its failure to file a response within the twenty-one day timeline provided under Rule 12, it offers no excuse at all for its failure to request additional time as soon as counsel appeared, its failure to immediately respond to the motion for an entry of default, or its failure to act with haste in requesting to set aside the entry of default.

The Court has discretion to "refuse to set aside a default" where "the defaulting party has no meritorious defense," the "default is due to willfulness or bad faith," or "the defendant offers no excuse at all for the default." Id. at 194–95 (quoting Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.)). A-Ticket failed to address any of the factors the Court is required to consider. Based on the information available, A-Ticket has displayed disrespect for these

2

proceedings and a reckless disregard for the effect of its conduct on these proceedings.  It has
also disregarded this Court's Local Rules—it failed to consult with Plaintiffs about its motion as
required by Local Rule 7.2(a)(1)(B).  Failure to attach a certificate of consultation qualifies as
"good grounds for denying the motion."  Thus, A-Ticket's motion is **DENIED WITHOUT
PREJUDICE**.  Should A-Ticket file a second motion, it must address the relevant factors and
comply with the Local Rules.

      **IT IS SO ORDERED,** this 11th day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE