IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WESTERN EXPRESS, INC., et al.,<br><br> Plaintiff,<br><br>v.<br><br>COLTON AHMAD CATHEY, et al.,<br><br> Defendant. | )<br>)<br>)<br>)<br>) No. 2:24-cv-02139-SHL-atc<br>)<br>)<br>)<br>) |

**ORDER EXTENDING DEADLINE TO COMPLETE
ALTERNATIVE DISPUTE RESOLUTION**

On December 4, 2025, most of the Parties filed <u>late</u>[1] responses to the Order to Show Cause for Failure to File Mediation Certification. (ECF Nos. 169, 170–172.) Defendant A-Ticket, LLC did not file a response. The Order to Show Cause directed the Parties to explain their utter failure to file a Mediation Certification in compliance with this Court's Local Rules, and to file the Certification as soon as possible. (ECF No. 169 at PageID 3170.)

The Parties' responses indicate a general lack of clarity among them insofar as agreeing to a mediator and setting a mediation date that was workable for all involved. (<u>See generally</u> ECF Nos. 172 at PageID 3179; 170 at PageID 3172; 171.) Despite their "multiple communications" between counsel after the Second Scheduling Order, because no agreement was made by September 5, when one party's counsel went out of town, no one scheduled the

---

[1] The Order to Show Cause was filed November 26 and required a response within five days. (ECF No. 169 at PageID 3170.) Five days from that date, which includes Thanksgiving, an intermediate legal holiday, and the weekend, was December 1. <u>See</u> Fed. R. Civ. P. 6(a)(1)(B) ("When the period is stated in days or a longer unit of time . . . count every day, including intermediate Saturdays, Sundays, and legal holidays . . ."); <u>See also</u> Fed. R. Civ. P. 6(a) committee's note to 2009 amendment ("Under new subdivision (a)(1), all deadlines state in days (no matter the length) are computed the same way. The day of the event that triggers the deadline is not counted. All other days—including intermediate Saturdays, Sundays, and legal holidays—are counted, with only one exception: If the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday.").

mediation. (ECF No. 172 at PageID 3179.) And during the activity in this matter between September and the Thanksgiving holiday, ADR essentially fell off the Parties' lists of priorities. (Id. at PageID 3179–80.)

Each Party now requests in the responses—not through formal motion as required by Local Rule 7.2—for an amendment to the Second Scheduling Order, in the form of an extension of the deadline to complete ADR, to January 13, 2026. (ECF Nos. 172 at PageID 3180; 170 at PageID 3173.) Because their requests were not made through motions, they provide little insight into whether good cause exists for the extension of the ADR deadline other than that they finally agreed upon mediator John Wade and set a date with him. The Parties also provide scant explanation regarding whether their neglect for the ADR deadline and the deadline to respond to the Order to Show Cause was excusable under Federal Rules of Civil Procedure 6 and 16.

Despite the Parties' repeated failures and counsel's lack of diligence in following the procedural rules, the mediation should go forward as scheduled. Further, difficulty exists in determining who was responsible for the widespread failure here to simply keep the ADR deadline in mind; both Defendants and Plaintiffs failed to act. The Parties shall have up to and through **January 13, 2026,** to complete mediation. The warning from the previous order still stands and the Parties are cautioned to be diligent: **sanctions will be imposed against any party who fails to meet deadlines and follow the applicable rules.**

**IT IS SO ORDERED,** this 22nd day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE